IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON V. TAHOD,

    Plaintiff,

vs.                                                                Civ. No. 98-76 JP/LCS

LAWRENCE JARAMILLO, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon the Defendants' Martinez Report, filed September 9, 1998. The Report addresses factual issues surrounding the October 26, 1997 strip search of the Plaintiff. The remaining claim in this case is based upon the Eighth Amendment's prohibition against cruel and unusual punishment. The Plaintiff alleges that Defendants Jaramillo, Chavez, and Nieto, prison guards, participated in an anal cavity search which resulted in the Plaintiff having his head slammed against the ground, anal pain, and psychological trauma. The Defendants have not filed a motion for summary judgment based upon the Martinez Report. The Court will, therefore, *sua sponte* address the summary judgment question raised by the Martinez Report. *See Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991)(court can *sua sponte* dismiss frivolous case under 28 U.S.C. §1915(d)).

Standard of Review

2. Summary judgment is granted only where there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994 ). In making a determination on a motion for summary judgment, I do not weigh the evidence, but rather ask whether a reasonable jury could return a verdict for the nonmoving party, in this case the Plaintiff, on the undisputed material evidence before the court. *Dreiling v. Peugot Motors of America, Inc.*, 850 F.2d 1373, 1377 (10th Cir. 1988). Further, I must consider all the evidence in the light most favorable to the Plaintiff. *Id.* In my review of the Martinez report, I have also construed the *pro se* pleadings liberally, holding the Plaintiff to a less stringent standard than that required of a party represented by legal counsel. *See, e.g., Gillihan v. Shillinger*, 874 F.2d 935, 938 (10th Cir. 1989).

Discussion

3. In *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997), the Tenth Circuit Court stated that

> [a] prison guard's use of force is not a violation of the Eight Amendment if it is only "applied in a good faith effort to maintain or restore discipline," as opposed to being applied "maliciously or sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 ... (1986)(quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)(Friendly, J.)). In *Albers*, the Court indicated that review of a claim of the use of excessive force in a prison is to be deferential to the prison, and "that neither judge nor jury [may] freely substitute their judgment for that of officials who have made a considered choice." *Id*. at 322....

In other words, not every push or shove violates a prisoner's constitutional rights. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom. Employee-Officer John v. Johnson*,

414 U.S. 1033 (1973) (footnote omitted).

4. According to the documents presented in the Martinez Report, on October 26, 1997, the Defendants visually inspected the Plaintiff's body after he returned from the visitation room. That visual inspection showed that an object was protruding from the Plaintiff's anal cavity. The Defendants then handcuffed the Plaintiff and summoned two nurses to remove the object. The Plaintiff did not cooperate with the removal of the object by squeezing his buttocks. The Defendants then had the Plaintiff lay on the ground and restrained his arms and legs. One of the nurses removed the object without touching the Plaintiff's body. The object contained a substance which later tested positive for heroin.

5. In the inmate grievance form, the Plaintiff stated that he "was placed on the floor in the strip room and two nurses searched [his] rectum." Plaintiff alleged in his grievance form that the search was illegal because of the lack of a search warrant or prior written approval. Medical records following the incident do not indicate that any physical harm occurred as a result of the strip search. A mental health report dated October 27, 1997 indicated that the Plaintiff was feeling angry and upset because of the strip search. A couple of days later, the Plaintiff stated to mental health personnel that the strip search had a "profound affect on him mentally and physically. He reported functional deficits of poor concentration, poor appetite, gradual weight loss, chronic insomnia, flat affect and self-destructive ideation." Subsequent mental health reports, however, were within normal limits. In fact, the Plaintiff refused to participate in mental health programs.

6. The Plaintiff asserts in his response to the Martinez Report that no object was protruding from his anal cavity when the strip search began. Rather, the Plaintiff contends that

3

the Defendants wrestled him to the ground and digitally probed him without any reason to do so. When something was found, the Plaintiff alleges that the Defendants pulled it out of his anal cavity only partially before calling the nurses. The Plaintiff also claims that his grievance form was not complete because of his "very limited intelligence." The Plaintiff further claims that he was too embarrassed to get medical attention for his rectal injury. The Plaintiff notes that the mental record is silent on his psychological trauma despite his interviews with mental health personnel about that trauma. Finally, the Plaintiff states that the content of the object removed from his anal cavity was not heroin. Plaintiff contends that the content of the object was not properly tested and he had asked prison officials for an outside test of the substance.

    7. Plaintiff's response to the Martinez Report is made up of bald unsupported assertions. Most telling is the Plaintiff's grievance form which does not mention any kind of excessive force. The Plaintiff tries to get around that document by insinuating that he was mentally incapable of producing an accurate grievance form. However, the various mental health reports dated both prior to and subsequent to the strip search demonstrate that the Plaintiff has normal or close to normal intelligence and functions mentally within normal limits. Accordingly, the undisputed evidence indicates that the Plaintiff did not believe at the time he completed the grievance form that the Defendants applied excessive force to him during the strip search. Considering the grievance form and giving due deference to the prison officials, I cannot find that the undisputed material evidence shows the Defendants acted "maliciously or sadistically for the very purpose of causing harm" to the Plaintiff. I conclude that a reasonable jury would not return a verdict for the Plaintiff on the undisputed material evidence concerning the lack of excessive force or cruel and unusual punishment.

8. Even though I would recommend granting summary judgment in the Defendants' favor based on the state of the record before me, I "'must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.'" *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)(quoting *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985)(citations omitted)). Because the Plaintiff did not submit any affidavits or sworn statements in his response to the Martinez Report, I find that fairness is best served if the Plaintiff is allowed thirty days after the entry of the order adopting these proposed findings and recommended disposition to submit affidavits or other evidence against summary judgment. The Court reminds the Plaintiff that the affidavits or other evidence must not be "'merely colorable'" but must be "'significantly probative.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

Recommended Disposition

I recommend deferring a grant of summary judgment in favor of the Defendants and dismissal of the remainder of this case with prejudice until thirty days after the entry of the order adopting these proposed findings and recommended disposition. I further recommend that in the aforementioned thirty day period, the Plaintiff shall be allowed submit to the Court affidavits or evidence in opposition to summary judgment. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed

5

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge